UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

SCOTTIE GUESS,

        Plaintiff,

v.

MAINSAIL LODGING & DEVELOPMENT LLC,
a Florida limited liability company d/b/a
EPICUREAN HOTEL; MAINSAIL EPICUREAN
HOTEL, LLLP, a Florida limited partnership d/b/a
EPICUREAN HOTEL; and TOM HAINES,

        Defendants.
_____/

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

SCOTTIE GUESS ("GUESS"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, MAINSAIL LODGING & DEVELOPMENT LLC, a Florida limited liability company d/b/a EPICUREAN HOTEL, (hereinafter, "MLD"), MAINSAIL EPICUREAN HOTEL, LLLP, a Florida limited partnership d/b/a EPICUREAN HOTEL, (hereinafter, "MEH"), and TOM HAINES, (hereinafter "HAINES"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, MLD and MEH regularly owned and operated a hotel engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, MLD, MEH and HAINES operated a hotel. Plaintiff's work as a front desk person involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included office supplies, telephones and credit cards-that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

b. Defendants were and continue to be companies and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, GUESS was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendants, MLD and MEH, were conducting business in Tampa, Hillsborough County, Florida with their principal location in that city.

10. At all times material hereto, Defendants, MLD, MEH and HAINES were the employers of Plaintiff, GUESS.

11. At all times material hereto, Defendants, MLD, MEH and HAINES were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, GUESS his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendants, MLD and MEH operated an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, GUESS was directly essential to the business performed by Defendants.

16. Plaintiff, GUESS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about September 24, 2018, Plaintiff, GUESS was hired by the Defendants as a front desk host at the Defendants' hotel. His employment ended on September 30, 2020.

18. Plaintiff, GUESS was paid an hourly wage of $11.00 per hour.

19. Plaintiff, GUESS was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week in the liability period of April 23, 2020 to September 30, 2020. Indeed, he received no wages for all his work hours in excess of 40 hours.

20. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

21. Defendant, HAINES was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff, GUESS. Therefore, he is personally liable for the FLSA violations.

22. Defendant, HAINES was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, GUESS.

23. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, GUESS repeats and realleges Paragraphs 1 through 23 as if fully set forth herein. Plaintiff, GUESS' employment with the Defendants was to consist of a normal work

week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, GUESS was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, GUESS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, GUESS at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due

28. Defendant failed to properly disclose or apprise Plaintiff, GUESS of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, GUESS is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendant, Plaintiff, GUESS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, GUESS respectfully requests that judgment be entered in his favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   December 8, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/.   Peter Bober
       PETER BOBER
       FBN:  0122955
       SAMARA BOBER
       FBN: 0156248